NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSEPH RAYMOND CHAKHACHIRO, *Appellant.*

No. 1 CA-CR 24-0403
FILED 8-12-2026

Appeal from the Superior Court in Maricopa County
No. CR2021-001167-001
The Honorable Laura Giaquinto, Judge, *Pro Tempore*
The Honorable Utiki Spurling Laing, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Brown & Little PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

Joseph Raymond Chakhachiro, Yuma
*Appellant*

---

## MEMORANDUM DECISION

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**P A T O N**, Judge:

¶1            Joseph Raymond Chakhachiro appeals his convictions and sentences for two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs (aggravated DUI) and one count of possession or use of narcotic drugs. Chakhachiro's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable questions of law. Counsel asked us to search the record for reversible error. Chakhachiro filed a supplemental brief *in propria persona*, which we have considered. Having reviewed the record, we affirm Chakhachiro's convictions and sentences.

### FACTS AND PROCEDURAL HISTORY

¶2            We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Chakhachiro. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3            In February 2020, a police officer was parked in an unmarked car in Phoenix. The officer saw a white Nissan Altima make a left turn without using a turn signal. The Altima did not turn into the proper lane, did not yield at a stop sign to oncoming traffic, and almost hit an SUV. The officer alerted other officers in marked cars to pull over the Altima.

¶4            Another officer learned that Chakhachiro was the driver of the Altima and that his license was revoked. The officer arrested Chakhachiro for driving on a revoked license. The officer told Chakhachiro he knew his license was revoked, and Chakhachiro confirmed the same. The officer noticed Chakhachiro's speech was slurred and slow, and his eyes were droopy, glassy, and watery. The officer searched Chakhachiro and found a plastic bag that contained a white powdery substance in his front pocket. A forensic scientist later identified the substance as fentanyl.

¶5            Police transported Chakhachiro to the police precinct. While in a booking cell, Chakhachiro urinated on the floor, even though he had

the opportunity to ask to use the restroom.  Police then took Chakhachiro to a hospital for observation based on suspected drug use.

¶6            While Chakhachiro was in the hospital, another officer obtained consent to do a blood draw, and the officer later obtained a search warrant for the hospital draw of Chakhachiro's blood.  Chakhachiro's blood tested positive for fentanyl, fentanyl metabolites, methamphetamine, amphetamine, and Alprazolam.

¶7            Chakhachiro was arrested on February 7, 2020, and released from custody the same day.  The State charged him with two counts of aggravated DUI, a class 4 felony, and two counts of possession or use of narcotic drugs, a class 4 felony.  *See* A.R.S. §§ 28-1383(A) (aggravated driving or actual physical control while under the influence), 13-3408 (possession, use, administration, acquisition, sale, manufacture, or transportation of narcotic drugs).  On the State's motion, the court later dismissed one count of possession or use of narcotic drugs without prejudice.

¶8            During pretrial proceedings, Chakhachiro was absent for his March 2021 arraignment because he refused transport, and the court vacated and reset the arraignment.  He was also absent for a July 2021 hearing regarding trial continuance past the last day where the court waived his presence.  Chakhachiro was not present during a September 2021 final trial management conference where he was unavailable, his presence was waived, and the court continued the conference.  Chakhachiro failed to appear for a March 2022 status conference, and the court issued a bench warrant for his arrest.  Chakhachiro was absent for a January 2023 oral argument regarding defense counsel's motion to quash the warrant where the court affirmed the bench warrant.  Chakhachiro was not present during a January 2024 settlement conference/final trial management conference where, after Chakhachiro was apprehended and taken into custody, he refused transport, and the court reset these conferences.  Chakhachiro failed to appear for a March 2024 trial procedure conference where the court issued a bench warrant for his arrest.

¶9            The court held a five-day trial with eight jurors and two alternates.  Chakhachiro did not appear at trial but was represented by counsel.  The court found Chakhachiro's absence was voluntary.  At the close of the State's case-in-chief, Chakhachiro's counsel moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20.  The superior court denied the motion. On April 15, 2024, the jury entered guilty verdicts on all remaining charges.

¶10        On April 16, 2024, Chakhachiro was apprehended on the bench warrant.  The parties stipulated before sentencing that Chakhachiro had four prior felony convictions.  In July 2024, the court sentenced Chakhachiro to a presumptive ten-year term on each of the aggravated DUI convictions, with a presentence incarceration credit of 161 days.  *See* A.R.S. § 13-703(J).  The court ordered all sentences be served concurrently.

¶11        Chakhachiro timely appealed.  We have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).[1]

## DISCUSSION

I.        Trial

¶12        Chakhachiro first contends the court should not have proceeded with trial in his absence because he had been in an inpatient drug rehabilitation program since late February 2024, where he was not allowed any communication for the first 30 days of his treatment.  We review the superior court's decision to try Chakhachiro in his absence for an abuse of discretion.  *See State v. Contreras*, 258 Ariz. 326, 331, ¶ 11 (App. 2024).

¶13        While a defendant has the right to be present at every stage of trial, he gives up that right when he voluntarily absents himself from trial.  *See id*. at 331, ¶ 17.  "The court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence."  Ariz. R. Crim. P. 9.1.

¶14        Here, Chakhachiro was present at the January 23, 2024, settlement conference and trial management conference where the court continued a previous trial date to April 9, 2024, at 1:30 p.m.  During trial, the court found Chakhachiro had notice of the right to be present.  The court gave Chakhachiro notice that trial would proceed in his absence if he failed to appear for trial.  The court did not abuse its discretion when it proceeded with trial in Chakhachiro's absence.

II.        Mistrial

---

[1] The superior court warned Chakhachiro he could lose his right to appeal if his absence prevented him from being sentenced within 90 days of conviction.  Sentencing occurred within 90 days of conviction.  Therefore, Chakhachiro did not lose his right to appeal under Section 13-4033(C).

¶15        Chakhachiro next contends the court erred by not declaring a mistrial after a police officer improperly referenced Chakhachiro's use of heroin.

¶16        The State told the court during a bench conference that it did not expect the officer to reference the heroin because the State told the officer not to discuss it.   When a witness "unexpectedly volunteers information, the trial court must decide whether a remedy short of mistrial will cure the error." *State v. Jones*, 197 Ariz. 290, 304, ¶ 32 (2000).  Here, the court gave a limiting instruction that Chakhachiro's counsel approved—stating that Chakhachiro was not charged with anything related to heroin and the court was striking the officer's statement from the record.  This court will not overturn the superior court's denial of a motion for mistrial if there is no abuse of discretion, and the superior court "is in the best position to determine whether the evidence will actually affect the outcome of the trial." *Jones*, 197 Ariz. at 304, ¶ 32.  We discern no abuse of discretion.

III.        Warrant

¶17        Chakhachiro also contends he was entitled to a mistrial because there was confusion about whether the court had quashed his warrant.  Chakhachiro said he relied on the court quashing the warrant when he decided to stay at the rehabilitation facility.  But Chakhachiro's warrant status was not relevant to his responsibility to appear for trial.  Whether the court erroneously quashed the warrant did not affect the fact that trial was set for April 9, 2024, and Chakhachiro could be tried in his absence if he failed to appear for trial as discussed above.  Thus, the court properly proceeded with trial.

IV.        Character Evidence

¶18        Chakhachiro also contends the State, by eliciting testimony regarding the poor condition of his veins, tried to discredit him by implying he was a drug user, a bad person, a criminal, and untrustworthy.  Chakhachiro appears to argue the State introduced improper character evidence.  *See* Ariz. R. Evid. 404.

¶19        The police officer who offered that testimony testified to the condition of Chakhachiro's veins to explain why he pursued a search warrant for the hospital blood draw discussed above.  *See* Ariz. R. Evid. 401.  The officer's testimony regarding Chakhachiro's veins was not offered as character evidence.  We therefore discern no error.

V.        No Reversible Error

5

**¶20** In addition to Chakhachiro's arguments, we have independently reviewed the record and have found no reversible error. The record shows the superior court afforded Chakhachiro all his constitutional and statutory rights and conducted the proceedings in accordance with the Arizona Rules of Criminal Procedure. Chakhachiro was represented by counsel at all critical stages. The evidence presented at trial was sufficient to support the jury's verdict. The jury was properly composed and instructed, and there is no evidence of misconduct. Chakhachiro's sentences fall within the range prescribed by law.

## CONCLUSION

**¶21** We affirm Chakhachiro's convictions and sentences. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, his obligations regarding Chakhachiro's appeal will end after informing Chakhachiro of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). The court, of its own accord, grants Chakhachiro 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or a petition for review in the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.3(a), 31.20(c), 31.21(b)(2)(A).

